882 F.2d 1316
 Concepcion GIOVE, Appellee,
v.
Rudy STANKO; Cattle King Packing Company d/b/a Cattle King, et al,
Jean A. Stanko, on behalf of herself and her children,
Christine Sue Stanko, Michael S. Stanko, and Cara
M. Stanko, Appellants.
Concepcion GIOVE, Appellee,
v.
Rudy STANKO, Appellant.
 Nos. 88-2191, 89-1551.
 United States Court of Appeals,
Eighth Circuit.
 Submitted March 13, 1989.
Decided Aug. 17, 1989.
Rehearing Denied Oct. 5, 1989.
Rehearing En Banc Denied in No. 89-1551 Oct. 5, 1989.
Motion to Recall Mandate and Amended Petition For Rehearing
and Rehearing En Banc Denied in No. 89-1551 Nov. 15, 1989.
 
 Howard P. Olsen, Jr., Scottsbluff, Neb., for appellants.
 John S. Evangelisti, Denver, Colo., for appellee.
 Before FAGG and BEAM, Circuit Judges, and DUMBAULD,* District Judge.
 BEAM, Circuit Judge.
 
 
 1
 These cases were consolidated for purposes of appeal. Jean Stanko appeals the magistrate's[1] holding that three certificates of deposit held jointly by Rudy Stanko and each of his three children are the property of Rudy Stanko and consequently can be garnished by Rudy Stanko's creditors. Rudy Stanko appeals the district court's[2] determination that the magistrate had authority to enter judgment in this case without Rudy Stanko's consent. We affirm both the magistrate and the district court.
 
 I. Background
 
 2
 Concepcion Giove obtained a default judgment against Rudy Stanko in the United States District Court for the District of Colorado. Giove then registered the judgment in the United States District Court for the District of Nebraska and initiated the garnishment action which is the subject of this appeal. Jean Stanko, on behalf of herself and her three children, intervened in the garnishment proceeding claiming that the funds in the certificates of deposit belonged to Jean and Rudy Stanko's children and therefore were not available for garnishment by Giove. The case was submitted to the magistrate with the consent of Giove and Jean Stanko. The consent of Rudy Stanko was not obtained and he did not appear in the garnishment proceeding.
 
 
 3
 The magistrate held that the three certificates of deposit contained funds belonging to Rudy Stanko and ordered that Giove's judgment be enforced against the funds represented by the certificates. Rudy Stanko then filed a petition for reconsideration of the magistrate's judgment with the district court claiming that the magistrate did not have authority to render a decision in this case without Rudy Stanko's consent. The district court denied Stanko's petition for reconsideration and Stanko's subsequent request for a new trial.
 
 II. Discussion
 
 4
 Because we must initially determine whether the magistrate had authority to enter judgment in this case, we will first consider the merits of Rudy Stanko's appeal. "Upon the consent of the parties, a * * * magistrate * * * may conduct any or all proceedings in a jury or nonjury civil matter and order the entry of judgment in the case." 28 U.S.C. Sec. 636(c)(1) (1982). Stanko argues that because his consent was not obtained, the magistrate had no authority to enter judgment in this case. The district court determined that Rudy Stanko "was not a party and is not a party to this garnishment proceeding, nor is he a necessary party." Giove v. Cattle King, No. CV86-L-582, slip op. at 2 (D.Neb. Jan. 5, 1989). Consequently, the court concluded that Stanko's consent was not required to vest the magistrate with the necessary authority. We agree.
 
 
 5
 At the time, Nebraska law did not require that the judgment debtor be a party to a garnishment proceeding seeking to obtain possession of the debtor's assets or even that the debtor be notified of such a garnishment action. (Neb.Rev.Stat. Sec. 25-1011 (Cum.Supp.1988) now requires the judgment creditor to send the judgment debtor a copy of the summons and order of garnishment, a notice to judgment debtor form and a request for hearing form.) Thus, we agree that Rudy Stanko was not a party to this action and, accordingly, agree that his consent was not necessary to give the magistrate jurisdiction.
 
 
 6
 Any person who claims an ownership interest in money or property sought to be garnished has the right to intervene in the garnishment action to assert the intervenor's rights, if any, in the property. Neb.Rev.Stat. Sec. 25-1030.03 (Reissue 1985). Stanko could have become a party to this case, but only by intervening. The record indicates that he had the opportunity to intervene. Notice of the garnishment was mailed to Stanko's last known addresses, as were copies of the order granting Jean Stanko's motion to intervene and copies of the writs of garnishment.[3]
 
 
 7
 Having determined that all parties to this action consented, thereby giving the magistrate the authority to enter judgment, we now consider Jean Stanko's appeal of the merits of the magistrate's judgment. Jean Stanko claims that the magistrate erred in concluding that the funds in the certificates of deposit belonged to Rudy Stanko and were available for garnishment by Giove. The garnishment action involves three certificates of deposit which are titled as follows: "Cara M. Stanko or Rudy G. Stanko or Jean Ann Stanko WROS," "Christine Sue Stanko or Rudy G. Stanko or Jean Ann Stanko WROS" and "Michael Scott Stanko or Rudy G. Stanko or Jean Ann Stanko WROS."
 
 
 8
 "A joint account belongs, during the lifetime of all parties, to the parties in proportion to the net contributions by each to the sums on deposit, unless there is clear and convincing evidence of a different intent." Neb.Rev.Stat. Sec. 30-2703(a) (Reissue 1985). A joint tenant's net contribution is "the sum of all deposits * * * made by or for him, less all withdrawals made by or for him which have not been paid to or applied to the use of any other party, plus a pro rata share of any interest or dividends included in the current balance." Neb.Rev.Stat. Sec. 30-2701(6) (Reissue 1985). To determine the net contributions of the children and also of Rudy Stanko, the magistrate traced the funds in the certificates of deposit. The magistrate found that the funds initially were from deposits made by Rudy and Jean Stanko into savings accounts held under the names of the three children. In October of 1982 the funds from the savings accounts were used to purchase three money market certificates. These certificates were later redeemed and the funds placed in three interest-bearing money market checking accounts held under the names of the children. In 1984 the money from these accounts went into the purchase of certificates of deposit which after a series of renewals and repurchases were ultimately the certificates which Giove sought to garnish. The magistrate concluded that Rudy Stanko was the source of all of the funds held in the three certificates of deposit. The magistrate found no evidence that either the children or Jean Stanko contributed to the accounts.
 
 
 9
 Jean Stanko asserts that the magistrate's conclusions were incorrect. She contends that the monies in these certificates of deposit came from money market accounts which were titled solely in the names of the children and belonged solely to the children. As a result, Jean Stanko concludes that because the full amount in the certificates of deposit came from the money market accounts, contributions by the children comprise the entire amount in the certificates.
 
 
 10
 Intervenors in a garnishment proceeding are required to prove by a preponderance of the evidence their ownership interest in a garnished account. First Nat'l Bank v. First Cadco Corp., 189 Neb. 734, 205 N.W.2d 115, 120 (1973). The magistrate found nothing to indicate that the children had any control over the funds at any time and in fact the evidence indicated that Jean and Rudy Stanko were the only persons authorized to make withdrawals from the money market accounts. In addition, the magistrate concluded that the fact that the funds "passed through savings and checking accounts held nominally in [the children's] names does not, in and of itself, demonstrate any 'contribution' on their part." Giove v. Stanko, No. CV86-L-582, slip op. at 14, 1988 WL 80872 (D.Neb.1988).
 
 
 11
 The interpretation of state law by a trial court sitting in that forum is entitled to substantial deference. Benedictine Sisters v. St. Paul Fire & Marine Ins. Co., 815 F.2d 1209, 1211 (8th Cir.1987) (citing Kifer v. Liberty Mutual Ins. Co., 777 F.2d 1325, 1330 (8th Cir.1985)). We agree with the magistrate that the funds in the certificates of deposit belonged to Rudy Stanko. Although the funds at one time were held solely in the names of the children, it is clear that Rudy Stanko was the source of the funds and the person who was exercising exclusive control over the funds.
 
 
 12
 Jean Stanko alternatively argues that even assuming that Rudy Stanko did contribute the funds in the accounts, a gift was made of the funds to the children. It is presumed that no gift is intended when funds are deposited in a joint account and the intervenor has the burden of producing clear and convincing evidence that the contributor intended the money deposited in the account to be a gift to the other joint tenants. Neb.Rev.Stat. Sec. 30-2703(a). The magistrate found that Jean Stanko did not meet this burden because she failed to show that Rudy Stanko, the contributor of the funds, intended the funds to be a gift to the three children. The magistrate stated that the evidence indicated that only Jean and Rudy Stanko had access to and control over the various accounts. In addition, the magistrate noted that there was no evidence which indicated that the children had any power to withdraw the money.
 
 
 13
 Our review of the evidence supports the magistrate's conclusion that there was insufficient evidence of a donative intent on the part of Rudy Stanko. Consequently, we affirm the magistrate's judgment.
 
 III. Conclusion
 
 14
 For the foregoing reasons the decisions of the district court are affirmed.
 
 
 
 *
 The HONORABLE EDWARD DUMBAULD, Senior United States District Judge for the Western District of Pennsylvania, sitting by designation
 
 
 [1]
 The Honorable David L. Piester, United States Magistrate for the District of Nebraska
 
 
 [2]
 The Honorable Warren K. Urbom, United States District Judge for the District of Nebraska
 
 
 [3]
 Rudy Stanko contends that he did not receive the copies of these documents due to his movement within the prison system. However, this does not change our conclusion that Stanko was not a party to the garnishment and could have become a party only by intervening