**J.C. HENRY; June Henry, Appellees,**

v.

**TRI–SERVICES, INC., a Taiwan Corporation, Appellant,**

**Dynamic Classics, Ltd.; Wal–Mart Stores, Inc., Defendants.**

**WAL–MART STORES, INC., a Delaware Corporation, Cross Claimant,**

v.

**TRI–SERVICES, INC., a Taiwan Corporation, Dynamic Classics, Ltd., a Delaware Corporation, Cross Defendants.**

No. 93–2907.

United States Court of Appeals, Eighth Circuit.

Submitted May 13, 1994.

Decided Aug. 26, 1994.

**932**

Paul Hasty, Jr., Kansas City, MO, argued (Tina A. Smith, on the brief), for appellant.

Stephen R. Soutee, Marionville, MO, argued, for appellees.

Before BOWMAN, Circuit Judge, HEANEY, Senior Circuit Judge, and BEAM, Circuit Judge.

BEAM, Circuit Judge.

Tri–Services, Inc. (Tri–Services) appeals a magistrate judge's order denying its motion to set aside default judgment. We hold that the magistrate judge lacked authority to enter final judgment because Tri–Services did not consent to have the matter tried to the magistrate judge. We dismiss this appeal for lack of jurisdiction and remand for further proceedings in the district court.

## I. BACKGROUND

J.C. and June Henry filed a diversity products liability complaint in the district court naming Tri–Services, Dynamic Classics, Ltd. (Dynamic Classics) and Wal–Mart Stores, Inc. (Wal–Mart) as defendants. The Henrys twice attempted to serve process on Tri–Services, a Taiwanese corporation with no offices in the United States.[1] Tri–Services, however, did not answer or enter any appearance in the action. Accordingly, the district court ordered the clerk of the court to enter default against Tri–Services in accordance with Federal Rule of Civil Procedure 55(a).[2]

The remaining parties in the action, J.C. and June Henry, Dynamic Classics and Wal–Mart, consented to have a magistrate judge conduct all further proceedings and enter final judgment in the matter pursuant to 28 U.S.C. § 636(c). The magistrate judge, after a hearing, assessed $1,200,000 in damages against Tri–Services and entered judgment for that amount. See Fed.R.Civ.P. 55(b)(2). Tri–Services subsequently moved the district court to vacate the judgment of default. The

---

1. Tri–Services claims that for certain reasons not relevant to our present decision it did not receive actual notice of the lawsuit until after default judgment had been entered against it.

2. Rule 55(a) states:

   When a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend as provided by these rules and that fact is made to appear by affidavit or otherwise, the clerk shall enter the party's default.

   Although the rule does not require an order of the court for the clerk to enter default, the notice and affidavits showing failure to plead or defend were, apparently, submitted to the district judge who, in turn, directed the clerk to enter default as provided in Rule 55(a).

magistrate judge denied Tri–Services' motion.

## II. DISCUSSION

 A magistrate judge's decision is final and directly appealable to this court if it is issued under the authority of 28 U.S.C. § 636(c). Section 636(c) requires a clear and unambiguous statement in the record of the affected parties' consent to the magistrate judge's jurisdiction. *Gleason v. Secretary of Health and Human Services*, 777 F.2d 1324 (8th Cir.1985). Tri–Services had not yet entered an appearance in this action when the remaining parties agreed to have final judgment determined by a magistrate judge. The record contains no clear statement that Tri–Services ratified this agreement. We conclude, therefore, that Tri–Services did not waive its right to have judgment entered and to have its motion to vacate heard by an Article III judge. Thus, there is no valid final order. Accordingly, we must vacate the magistrate judge's order and dismiss this appeal for lack of jurisdiction.

## III. CONCLUSION

We remand this case for further proceedings consistent with this opinion and without prejudice to the filing of a notice of appeal from any final, appealable order entered by the district court.