135 F.3d 1312
 1999 A.M.C. 1215, 98 Cal. Daily Op. Serv. 997,
98 Daily Journal D.A.R. 1355
 UNITED STATES of America, Plaintiff-Appellee,
v.
REAL PROPERTY, Real Property located in Fresno County,
commonly known as the Lido Motel, 5145 North
Golden State Boulevard, Defendant,
and
Kanubhai Dayyabhai Patel, Claimant-Appellant.
 No. 96-15720.
 United States Court of Appeals,
Ninth Circuit.
 Argued and Submitted Dec. 9, 1997.
Decided Feb. 9, 1998.
 
 Peg Carew Toledo, Orrick, Herrington & Sutcliffe, Sacramento, California, for claimant-appellant.
 Clare K. Nuechterlein, Assistant United States Attorney, Fresno, California, for plaintiff-appellee.
 Appeal from the United States District Court for the Eastern District of California; Dennis L. Beck, Magistrate Judge, Presiding. D.C. No. CV-93-05134-DLB.
 Before: SKOPIL, D.W. NELSON, and TASHIMA, Circuit Judges.
 D.W. NELSON, Circuit Judge:
 
 
 1
 Appellant, Mr. Kanubhai Patel, seeks to set aside a default judgment entered by the magistrate judge against his interest in the defendant motel property. The United States initiated civil forfeiture proceedings in rem against the property after Patel was charged with committing drug-related criminal offenses on its premises. Patel challenges the magistrate judge's jurisdiction over the forfeiture action and seeks to have the forfeiture set aside on the grounds that it violates the Excessive Fines Clause of the Eighth Amendment. We have jurisdiction pursuant to 28 U.S.C. § 1291, and we affirm.
 
 FACTUAL AND PROCEDURAL BACKGROUND
 
 2
 Patel owned and operated the Lido Motel in Fresno, California, beginning in December 1987. The motel was both his primary asset and his family's home.
 
 
 3
 In February 1993, Patel was charged with several offenses, including criminal forfeiture, arising from his participation in the sale of crack cocaine on the premises of his motel. Patel pleaded guilty to all charges in June 1993. In exchange, the Government agreed to move for dismissal of the criminal forfeiture charge against him. In the plea agreement, however, the Government also reserved the right to "seek forfeiture of the subject property in any pending or future civil forfeiture proceeding."
 
 
 4
 On March 2, 1993, shortly after Patel was indicted on the narcotics charges, the Government filed a complaint for civil forfeiture in rem against the Lido Motel. The complaint alleged that the motel was used "to commit, or to facilitate the commission" of criminal offenses and that it consequently was subject to forfeiture under 21 U.S.C. § 881(a)(7). On March 4, 1993, the complaint and summons in forfeiture were served by certified mail on Patel in the Fresno County Jail, where he was a pretrial detainee. Patel claims, however, that he did not actually receive the complaint at that time.
 
 
 5
 Copies of the complaint and summons were also served on Patel's criminal defense attorney, Mr. Marc Stefano. Stefano discussed the forfeiture action with Patel's sister and brother-in-law, who also appear to have had a financial interest in the motel. Then, at some point before April 15, 1993, Stefano visited Patel in prison and allegedly informed him that a forfeiture action had been brought by the Government and that Stefano would be representing Patel's sister and brother-in-law in their efforts to oppose it. According to Stefano, Patel advised him at that meeting "that he [Patel] did not wish to contest the seizure matter." On April 15, 1993, Stefano filed a claim and answer to the civil forfeiture complaint on behalf of Patel's sister and brother-in-law. Patel did not respond in any way to the complaint.
 
 
 6
 On May 27, 1993, the Government moved for partial default judgment as to Patel's interest in the defendant property. On June 17, 1993, Government counsel and Stefano--representing Patel's sister and brother-in-law[1]--appeared at a scheduling conference at which they consented to the jurisdiction of the magistrate judge, pursuant to 28 U.S.C. § 636(c)(1). A partial default judgment as to Patel's interest was entered on July 15, 1993. Patel's sister and brother-in-law ultimately withdrew their claims, and the Government obtained a final judgment of forfeiture on October 20, 1993.
 
 
 7
 Six months later, on April 21, 1994, Patel filed a pro se motion for relief from judgment and to set aside the default in the district court, arguing that his due process rights had been violated. He also requested that the court order the Government to provide him with a copy of the forfeiture complaint. On June 21, 1994, the magistrate judge continued the hearing on Patel's motion. The magistrate judge sua sponte requested additional briefing by the parties regarding whether he had jurisdiction to enter the default judgment against Patel in view of the fact that Patel had not consented to the magistrate judge's jurisdiction. After a second continuance, Patel's motion to set aside the default judgment was heard and denied on August 1, 1994. Patel attempted to make a telephonic appearance at the hearing; but, inexplicably, his call to the court came too late, and Patel was informed that the magistrate judge already had denied his motion. Patel attempted to appeal that decision to the district court. His appeal appears instead to have been filed with the Court of Appeals, however, and was dismissed because the magistrate judge's order was deemed non-final and, therefore, non-appealable. In September 1994, Patel also filed a motion for summary judgment with the district court. Patel argued that a recent Ninth Circuit decision, United States v. $405,089.23 in U.S. Currency, 33 F.3d 1210 (9th Cir.1994), rev'd sub nom., United States v. Ursery, 518 U.S. 267, 116 S.Ct. 2135, 135 L.Ed.2d 549 (1996), barred the Government from instituting both civil forfeiture proceedings and a criminal prosecution against a defendant for the same crime. On October 26, 1994, Patel filed a motion for relief from the judgment with the district court, making substantially the same argument. On December 15, 1995, more than a year later, Patel's motion was referred back to the magistrate judge; and, on January 19, 1996, the magistrate judge denied it.
 
 
 8
 Finally, on January 30, 1996, Patel moved for reconsideration, arguing that the magistrate judge had denied him an opportunity to be heard, in violation of his due process rights. The magistrate judge denied the motion. Patel timely appeals.
 
 STANDARD OF REVIEW
 
 9
 We review de novo whether the magistrate judge had jurisdiction. Bingman v. Ward, 100 F.3d 653, 656 (9th Cir.1996). We review the denial of a motion to set aside a default judgment for a clear showing of abuse of discretion. Price v. Seydel, 961 F.2d 1470, 1473 (9th Cir.1992).
 
 ANALYSIS
 
 10
 I. The magistrate judge had jurisdiction to enter a default judgment against Patel's interest in the Lido Motel.
 
 
 11
 Patel argues that the magistrate judge lacked jurisdiction over the forfeiture action because Patel never consented to the magistrate judge's jurisdiction. Although the record appears to confirm that Patel did not give consent to the magistrate judge's jurisdiction, it also indicates that Patel failed to take the steps necessary to establish his standing as a party to the action. We consequently affirm that the magistrate judge had jurisdiction to enter the default judgment as to Patel's interest in the property.The Statutory Scheme and Applicable Rules
 
 
 12
 Title 28 defines a magistrate judge's authority as follows:
 
 
 13
 Upon consent of the parties, a full-time United States magistrate ... may conduct any or all proceedings in a jury or nonjury civil matter and order the entry of judgment in the case, when specially designated to exercise such jurisdiction by the district court or courts he serves.
 
 
 14
 28 U.S.C. § 636(c)(1) (emphasis added). Accordingly, a magistrate judge may establish jurisdiction over an action only if the parties have consented to it. See Pacemaker Diagnostic Clinic of America, Inc. v. Instromedix, Inc., 725 F.2d 537, 546 (9th Cir.1984). The parties, moreover, must give their consent explicitly and in writing. Columbia Record Productions v. Hot Wax Records, Inc., 966 F.2d 515, 516-17 (9th Cir.1992).
 
 
 15
 In the present case, the magistrate presided over a civil forfeiture action. Judicial forfeitures of property are governed by the Supplemental Rules for Certain Admiralty and Maritime Claims, as follows: The Government initiates forfeiture proceedings by filing a complaint in the district where the property was seized. Supp. Rule C(2). Once the complaint has been filed, the district court evaluates whether the circumstances warrant an action in rem; if they do, the district court issues a warrant for the arrest of the property. Supp. Rule C(3). The Government then is required to publish notice of the forfeiture action in a newspaper of general circulation in the district, specifying the time within which potential claimants must file an answer. Supp. Rule C(4). Claimants, in turn, must file a claim within ten days after process has been executed or within such additional time as may be allowed by the court and must serve an answer to the complaint within twenty days of filing their claims. Supp. Rule C(6).
 
 
 16
 A. Patel was given sufficient notice of the forfeiture action.
 
 
 17
 Patel contends that the Government gave him insufficient notice of the civil forfeiture action against the Lido Motel. As a result, Patel claims, he was unable to respond to the complaint in a timely fashion. Although Patel concedes that the Government sent by certified mail a copy of the summons and complaint to the Fresno County Jail, where Patel was incarcerated, Patel claims that he never actually was served. Patel's argument is unavailing.
 
 
 18
 As noted above, Supplemental Rule C(4) requires the Government to give notice of forfeiture proceedings by publication alone. In the instant action, the Government satisfied this requirement by publishing an announcement in the Fresno Business Journal on May 5, 1993. The Supreme Court has established, however, that the seizure of property in a civil forfeiture action gives rise to the procedural safeguards provided under the Due Process Clause of the Fifth Amendment. See United States v. James Daniel Good Real Property, 510 U.S. 43, 62, 114 S.Ct. 492, 505, 126 L.Ed.2d 490 (1993). Since Patel was known by the Government to be the owner of the defendant property, his constitutional right to due process requires the Government to make a greater effort to give him notice than otherwise would be mandated by Supplemental Rule C(4). Specifically, the Government must employ such notice "as one desirous of actually informing the absentee might reasonably adopt to accomplish it." Mullane v. Central Hanover Bank & Trust Co., 339 U.S. 306, 315, 70 S.Ct. 652, 657, 94 L.Ed. 865 (1950).
 
 
 19
 The Government's efforts to notify Patel met this standard. In addition to publishing notice in the Fresno Business Journal, the Government sent copies of the complaint and summons by certified mail to Patel at the Fresno County Jail on March 8, 1993, and the documents were signed for by Doug King, a Fresno County Correctional Officer. According to a Watch Commander at the Jail, certified mail is handled according to the following procedure: Jail personnel sign for it, open it in the presence of the inmate and inspect it for contraband, and then distribute it directly to the inmate. Patel provides no evidence, beyond his own bald declaration, that he failed to be served in this manner. Moreover, the Government simultaneously sent the documents to Patel's criminal defense attorney, Marc Stefano. It is difficult to imagine--and Patel appears unable to suggest--what additional steps one desirous of informing Patel of the forfeiture proceedings reasonably might have taken.
 
 
 20
 In view of the Government's efforts to notify Patel, we reject Patel's claim that due process requires that he have received actual notice of the forfeiture proceedings. While this Court has not had occasion to decide whether putative claimants must receive actual notice of forfeiture proceedings, we have declined to hold that due process requires actual notice in other contexts. See, e.g., Silber v. Mabon, 18 F.3d 1449, 1454 (9th Cir.1994) (determining that "best notice practicable," rather than actual notice, is proper standard for providing notice of proposed settlement to absent class members in Rule 23(b) class action). Moreover, other circuit courts have explicitly refused to require that actual notice of forfeiture proceedings be given to potential claimants. See United States v. 51 Pieces of Real Property Roswell, N.M., 17 F.3d 1306, 1316 (10th Cir.1994); United States v. One Urban Lot Located at 1 Street A-1, 885 F.2d 994, 999 (1st Cir.1989). In circumstances strikingly similar to those presented by this case, other circuits also have refused to require personal service to potential claimants incarcerated in prison. See United States v. Clark, 84 F.3d 378, 381 (10th Cir.1996) (concluding that Government complied with due process requirements when it sent notice by certified mail to prison where claimant was incarcerated, even if claimant may not actually have received notice); Boddie v. Schnieder, 105 F.3d 857 (2d Cir.1997) (determining that Government gave sufficient notice of administrative forfeiture proceeding when it delivered notice by certified mail to incarcerated claimant's attorney in related criminal proceeding). Patel does not cite--and we are unable to find--any precedents contrary to these decisions.
 
 
 21
 We consequently follow the rule articulated by the Tenth Circuit in 51 Pieces of Real Property Roswell, New Mexico: "When the government can reasonably ascertain the name and address of an interested party ... due process requires that the government send '[n]otice by mail or other means as certain to ensure actual notice.' Due process does not require, however, that the interested party actually receive notice." 17 F.3d at 1316 (quoting Mennonite Bd. of Missions v. Adams, 462 U.S. 791, 800, 103 S.Ct. 2706, 2712, 77 L.Ed.2d 180 (1983)). Accordingly, we conclude that the Government gave Patel sufficient notice of the commencement of forfeiture proceedings against his property.[2]
 
 
 22
 B. Patel was not a "party" to the forfeiture proceedings such that his consent was a precondition to the magistrate judge's jurisdiction.
 
 
 23
 Patel urges us to hold that the record owner of a property must consent to a magistrate judge's jurisdiction over an in rem civil forfeiture action against the property, even if the owner has failed to respond to the civil forfeiture complaint. The Ninth Circuit has not had occasion to address this issue. In deciding related questions, several other circuit courts have conditioned a person's standing to contest forfeiture or garnishment actions on strict compliance with filing requirements. See United States v. One Urban Lot, 978 F.2d 776, 778 (1st Cir.1992) (finding that putative claimant lacks standing to contest forfeiture unless she files claim); United States v. $38,570 U.S. Currency, 950 F.2d 1108, 1112-15 (5th Cir.1992) (noting that putative claimant must file claim demonstrating interest in property in order to establish standing to oppose forfeiture and affirming lower court's decision to strike untimely claim and answer to forfeiture complaint); United States v. Eng, 951 F.2d 461, 467 (2d Cir.1991) (determining that alleged owner of property who failed to file verified claim to property lacked standing to challenge forfeiture of property); Giove v. Stanko, 882 F.2d 1316, 1318 (8th Cir.1989) (determining that judgment debtor who failed to intervene in garnishment action was not automatically a party to that action and need not have consented to magistrate judge's jurisdiction). But see United States v. Property at 4492 S. Livonia Rd., 889 F.2d 1258, 1262 (2d Cir.1989) (excusing technical noncompliance with procedural rules governing filing of claims on ground that claimant made sufficient showing of interest in property).
 
 
 24
 The Seventh Circuit, however, has come closest to addressing the issue presented by this case. See United States v. 8136 S. Dobson Street, 125 F.3d 1076 (7th Cir.1997) ("Dobson Street "). In Dobson Street, a Seventh Circuit panel found that, absent the filing of a claim to a property subject to forfeiture, a "putative claimant is not a party to the action." Id. at 1082. On that basis, the court concluded that the claimant lacked standing to seek relief from a default judgment under Federal Rule of Civil Procedure 60(b). Id. The circumstances of the present case are closely analogous. Like Federal Rule 60(b), the statute conferring authority on the magistrate judge requires the consent only of "the parties." 28 U.S.C. § 636(c)(1). Under the logic of Dobson Street, Patel's failure to comply with the applicable filing requirements precluded his standing as a "party" to the action and made it unnecessary to obtain his consent to the magistrate judge's jurisdiction.[3]
 
 
 25
 The Seventh Circuit's approach is supported by precedent in other circuits and by sound policy considerations. As indicated by the cases cited above, circuit courts consistently have held claimants to strict compliance with the provisions of Rule C(6). The purpose behind Rule C(6), as the Eighth Circuit has observed, is "to inform the court that there is a claimant to the property who wants it back and intends to defend it." United States v. Beechcraft Queen Airplane, 789 F.2d 627, 629 (8th Cir.1986). That purpose would be ill-served if any person with an ownership interest in a property were absolved of complying with the applicable filing requirements and were empowered to challenge a forfeiture judgment long after judgment had been entered. On a practical level, such an approach would exact a significant toll on judicial resources and would raise doubts regarding the finality of judgments.
 
 
 26
 The fact that Patel was the record owner of the property does not alter this analysis. Particularly where, as here, other persons have significant interests in a property, the Government cannot assume that the record owner intends to challenge the forfeiture action. So long as the Government takes the steps mandated by due process to notify the record owner of an impending forfeiture, it is the owner's responsibility to comply with the procedural requirements for opposing the forfeiture. Thus, while we are sympathetic to Patel's argument that civil forfeiture of his property represents a severe sanction, we conclude that Patel's failure to give the Government notice of his opposition to the forfeiture proceedings for more than a year after process was served precludes him from challenging the forfeiture now.
 
 
 27
 II. Patel lacked standing to challenge the default judgment against his interest in the Lido Motel.
 
 
 28
 Patel asserts that it is beyond dispute that "upon filing his motion to set aside the default judgment [he] was clearly a party to the litigation and his consent was required if the motion was to be heard and decided by a magistrate judge." Patel's argument fails, however, because Patel did not have standing to challenge the default judgment against his interest in the defendant property.
 
 
 29
 Patel brought his motion to set aside the default judgment against him pursuant to Federal Rules of Civil Procedure 55(c) and 60(a). Rule 60 authorizes any "party" to an action to seek relief from a judgment or order. Fed. R. Civ. Pro. 60. As discussed above, Patel's failure to comply with the requirements of Supplemental Rule C(6) precludes him from establishing standing as a party to the forfeiture action. See Dobson Street, 125 F.3d at 1082 (holding that person seeking relief under Rule 60 must have been party to forfeiture action and that person who failed to file claim was not a party). In short, because Patel lacks standing to bring a Rule 60 motion, he cannot challenge the magistrate judge's jurisdiction to hear his motion.
 
 
 30
 Henry v. Tri-Services, Inc., 33 F.3d 931, 933 (8th Cir.1994), which Patel cites in support of his argument, is inapposite. In Henry, a named defendant against whom a default judgment was entered challenged a magistrate judge's denial of a motion to vacate the judgment. The Eighth Circuit found that, owing to the fact that the defendant had not yet entered an appearance in the action when the other parties consented to the magistrate judge's jurisdiction, the defendant had a right to have its motion heard by an Article III judge. Id. at 933. In the present case, in contrast, Patel was not a named defendant in the complaint. The complaint was brought in rem against the Lido Motel. In order to become a party to the action, Patel was required to file a claim, pursuant to Supplemental Rule C(6).
 
 
 31
 We consequently decline to conclude that the magistrate judge abused his discretion in denying Patel's motion to set aside the default judgment. Because Patel lacked standing to challenge the default judgment against his property, we do not reach his claim that the civil forfeiture of the Lido Motel violates the Excessive Fines Clause of the Eighth Amendment.
 
 CONCLUSION
 
 32
 For the foregoing reasons, the magistrate judge's order denying Patel's motion to set aside the default judgment against his interest in the Lido Motel is AFFIRMED.
 
 
 
 [1]
 The record is unclear regarding whether Stefano also represented Patel at the scheduling conference
 
 
 [2]
 Because the Government's service of process by publication and certified mail appears to have satisfied the relevant notice requirements, we need not address Patel's argument that Stefano's declaration that he discussed the forfeiture proceedings with Patel violates the attorney-client privilege
 
 
 [3]
 Patel was not necessarily foreclosed from achieving standing. As the government conceded at oral argument, if Patel had lodged a proposed claim and answer concurrently with the filing of his Rule 60(b) motion, the district court would have been authorized to consider whether (and under what conditions) to set aside the default and permit the filing of his claim and answer