Eugene TOLLIVER, Petitioner–Appellant,

v.

UNITED STATES of America, Respondent–Appellee.

No. 00–5842.

United States Court of Appeals, Sixth Circuit.

March 15, 2001.

Before COLE and GILMAN, Circuit Judges; BORMAN, District Judge.[*]

Eugene Tolliver, a pro se Kentucky resident, appeals the district court order denying his motion to set aside or reconsider the default judgment in this civil forfeiture action. *See* 21 U.S.C. § 881(a)(7). This case has been referred to a panel of the court pursuant to Rule 34(j)(1), Rules of the Sixth Circuit. Upon examination, this panel unanimously agrees that oral argument is not needed. Fed. R.App. P. 34(a).

In 1996, a Fayette County, Kentucky, grand jury indicted Tolliver for three counts of trafficking in a controlled substance. An investigation linked real estate, vehicles, and bank accounts owned by Tolliver and his sister Monica Tolliver to the illegal drug trafficking. The United States brought this in rem forfeiture proceeding against the property on September 25, 1996. After Tolliver and his sister failed to file a claim or answer, the United States moved for an entry of default and a default judgment. The district court entered an order of default judgment against the Tollivers on January 28, 1997, and entered an order and final decree of forfeiture on February 28, 1997. Eugene Tolliver filed a motion for return of the forfeited bank accounts in October 1997. The district court denied the motion in December 1997. Tolliver filed a motion to set aside the order of default and for relief from the final decree of forfeiture in May 2000. *See* Fed.R.Civ.P. 55(c), 60(b). The district court denied the motion in an order entered June 12, 2000. It is from that order that Tolliver appeals.

In his timely appeal, Tolliver argues that: (1) he was denied due process because the United States did not serve him at his place of confinement; (2) he was denied due process because the property seized was forfeited prior to the conviction which established probable cause for the seizure; and (3) the premature forfeiture

[*] The Honorable Paul D. Borman, United States District Judge for the Eastern District of Michigan, sitting by designation.

of his property violated his right to the effective assistance of counsel.

 Upon review, we conclude that the district court did not abuse its discretion when the court denied Tolliver's motion for relief from judgment. *See Browder v. Director, Dep't of Corr. of Ill.*, 434 U.S. 257, 263 n. 7, 98 S.Ct. 556, 54 L.Ed.2d 521 (1978); *Hood v. Hood*, 59 F.3d 40, 42 (6th Cir.1995) (per curiam). Because Tolliver failed to specify which provision of Rule 60 justified setting aside the default judgment, it is assumed that he intended to invoke the residual clause of Rule 60(b)(6). This clause applies in unusual and extreme situations where principles of equity mandate relief. *See Olle v. Henry & Wright Corp.*, 910 F.2d 357, 365 (6th Cir.1990). A district court's discretion to deny relief under this subsection is particularly broad. *See McDowell v. Dynamics Corp. of Am.*, 931 F.2d 380, 383 (6th Cir. 1991).

 First, Tolliver received adequate notice of the forfeiture proceeding. United States Marshals posted the real property, served Tolliver, his sister, and his attorneys with warrants of arrest in rem, and published notice of the in rem action. Tolliver claimed that service was improper because the summons was not executed upon him but rather posted on two empty residences and by serving James Underwood as representative of the cash seized from the bank accounts. Tolliver failed to mention, however, the process return indicating that a marshal personally served him with notice of the in rem proceeding while Tolliver was incarcerated at the Fayette County Detention Center. His bald assertion that he did not receive notice is belied by the proof in the record. *See United States v. Lido Motel, 5145 North Golden State Blvd.*, 135 F.3d 1312, 1315 (9th Cir.1998).

 Second, Tolliver's argument that he was denied due process because the property seized was forfeited prior to his conviction is without merit. In a civil forfeiture proceeding, the United States bears the burden of demonstrating probable cause that there was a connection between the property to be forfeited and illegal drug activity. *See United States v. 415 E. Mitchell Ave.*, 149 F.3d 472, 475 (6th Cir.1998). Section 881(a)(7) does not, however, require a conviction as a basis for forfeiture. *United States v. 7715 Betsy Bruce Lane*, 906 F.2d 110, 111–12 (4th Cir.1990); *United States v. 303 West 116th Street*, 901 F.2d 288, 292–93 (2d Cir.1990).

 Finally, Tolliver's argument that the premature forfeiture of his property violated his right to the effective assistance of counsel is also without merit. Tolliver maintains that because the government seized his assets he could not afford the attorney fee required to defend against the state court criminal charges. A defendant's Sixth Amendment right to counsel and Fifth Amendment right to due process are not violated by the pretrial seizure of assets that could otherwise have been used to pay an attorney under the criminal forfeiture provisions of 18 U.S.C. §§ 848 and 853. *Caplin & Drysdale, Chartered v. United States*, 491 U.S. 617, 626–27, 109 S.Ct. 2646, 105 L.Ed.2d 528 (1989); *United States v. Monsanto*, 491 U.S. 600, 614, 109 S.Ct. 2657, 105 L.Ed.2d 512 (1989). This rule also applies to civil forfeiture proceedings. *See United States v. 6250 Ledge Road*, 943 F.2d 721, 723 (7th Cir.1991); *United States v. 501 Rimini Road*, 733 F.Supp. 1382, 1386 (S.D.Cal.1990).

For the foregoing reasons, we affirm the district court's order. Rule 34(j)(2)(C), Rules of the Sixth Circuit.