IN THE UNITED STATES COURT OF APPEALS

FOR THE FIFTH CIRCUIT

_____

No. 01-41304

_____

UNITED STATES OF AMERICA

Plaintiff - Appellee

v.

RAFAEL MONTALVO, JR

Defendant - Appellant

_____

Appeal from the United States District Court
for the Southern District of Texas
(99-CR-469)

_____

January 14, 2003

Before KING, Chief Judge, and JONES and EMILIO M. GARZA, Circuit
Judges.

PER CURIAM:[*]

Rafael Montalvo, Jr., appeals from the judgment entered by

the district court revoking his supervised release.  Rather than

challenging that decision, though, Montalvo instead raises for

the first time on this appeal questions about whether the

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

magistrate judge who originally took the guilty plea for his underlying offense had the subject matter jurisdiction to do so. Because we find that the defect that Montalvo has alleged is a procedural defect and not a jurisdictional one, Montalvo has waived such a challenge. We therefore affirm the judgment of the district court.

**I. FACTS AND PROCEDURAL HISTORY**

In October, 1998, District Judge Hilda Tagle sent a memorandum to Magistrate Judge John Black that requested Black to "begin taking felony guilty pleas beginning in November 1998" for certain classes of cases. Included in the list were cases arising under 18 U.S.C. § 1324, dealing with the unlawful transportation of aliens. On December 7, 1999, Defendant-Appellant Rafael Montalvo, Jr., was charged by indictment with two counts of violating § 1324. Montalvo agreed to plead guilty to Count I of the indictment in exchange for a dismissal of Count II. Montalvo also consented in writing to enter his plea before a magistrate judge.

On December 16, Montalvo entered his guilty plea before the magistrate. The magistrate filed a report on December 21 recommending that the district court accept the plea. Although the report states that the case had been referred to the magistrate for the purpose of Montalvo entering his plea, the

district court judge did not sign the actual order making the referral until December 30.

Neither the government nor Montalvo objected to the pre-sentence report, and Montalvo filed a motion to have the district court approve the plea agreement and accept the government's recommendation that he receive a two-level sentencing reduction in exchange for his plea. In March 2000, the district court adopted the plea agreement and sentenced Montalvo to ten months' imprisonment, three years' supervised release, and a $100 special assessment. At that time, Montalvo did not raise before the district court judge the issue of the mistiming of the order of reference. Montalvo did not appeal his sentence.

Montalvo's supervised release began September 19, 2000. In August 2001, the district court issued an arrest warrant for Montalvo, who had assaulted his girlfriend a month earlier. Montalvo was arrested in September 2001. At an October hearing to revoke his supervised release, Montalvo admitted each of the allegations against him concerning his behavior while on supervised release. The district court, departing upward from the Guidelines recommendation, sentenced Montalvo to twenty-three months' imprisonment followed by thirteen months' supervised release. Montalvo, at the time of the revocation hearing, did not argue that his underlying conviction was void for lack of jurisdiction on account of the mistiming of the order of reference to the magistrate.

Montalvo timely filed notice of appeal from the revocation judgment, arguing not that the revocation of his supervised release was inappropriate but that the magistrate presiding over his original conviction lacked jurisdiction to accept his plea in the first place.

## II.  POST-CONVICTION CHALLENGES TO MAGISTRATES' JURISDICTION TO HEAR GUILTY PLEAS

An appellate court reviews a question of whether a magistrate had jurisdiction de novo.  United States v. Real Property, 135 F.3d 1312, 1314 (9th Cir. 1998).  Montalvo questions the validity of his underlying conviction for the first time on this appeal.  His conviction became final over two years ago; the 10-day statutory period for filing a direct appeal has lapsed.  United States v. Rodriguez, 278 F.3d 486, 489-90 (5th Cir. 2002) ("The filing of a notice of appeal within the 10-day period prescribed by [Federal Rule of Appellate Procedure 4(b)(1)] is mandatory and jurisdictional.").  The government argues that an appeal from a post-conviction hearing is not the appropriate forum for challenging the underlying conviction. Because Montalvo failed to object during the proceedings underlying his original conviction, and then let the statutory appeal period lapse, the government argues that his sole remedy for challenging his underlying conviction at this point is a collateral attack via 28 U.S.C. § 2255.  Montalvo, while conceding that he did not object and did not appeal his original

4

conviction, contends that he can raise the issue for the first time in this appeal of a post-conviction hearing because it goes to the heart of the magistrate's subject matter jurisdiction – a matter which cannot be waived even by consent of the parties.

A recent Fifth Circuit decision disposes of the issue in this case. Under similar circumstances, we held that a challenge to a "district judge's tardy referral order pursuant to § 636(b)(3)" constitutes a procedural defect that can be waived if not properly preserved. United States v. Bolivar-Munoz, No. 01-40967, ___ F.3d ___, *5-*6 (5th Cir. Nov. 20, 2002). Because Montalvo failed to object or otherwise preserve the issue, he has waived his right to challenge it for the first time in this appeal from his revocation proceeding.[**]

## III. CONCLUSION

We AFFIRM the district court's judgment revoking Montalvo's supervised release.

---

[**] As we did in United States v. Teran, 98 F.3d 831, 833 n.1 (5th Cir. 1996), we leave open the question of whether a defendant can attack the validity of his underlying sentence in a probation revocation proceeding on jurisdictional grounds. The mistake in this case was procedural, not jurisdictional.