
**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 12-17757 |
| | No. 12-17758 |
| Plaintiff - Appellee, | |
| | D.C. No. 5:03-cv-01920-RMW |
| v. | D.C. No. 5:09-cv-80136-RMW |
| MISCELLANEOUS FIREARMS, SILENCERS AND AMMUNITION, | MEMORANDUM* |
| Defendant, | |
| And | |
| KEVIN V. DUGAN, | |
| Real-party-in-interest - Appellant. | |

Appeal from the United States District Court
for the Northern District of California
Ronald M. Whyte, District Judge, Presiding

Submitted May 13, 2014**

Before:     CLIFTON, BEA, and WATFORD, Circuit Judges.

---

      *     This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

      **     The panel unanimously concludes these cases are suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

In these consolidated appeals, federal prisoner Kevin V. Dugan appeals pro se from the district court's entry of default judgment in the government's forfeiture action concerning certain seized firearms, and authorizing the destruction of other seized firearms. We have jurisdiction under 28 U.S.C. § 1291. We review de novo a district court's determination of whether a party has standing to challenge a forfeiture action. *United States v. Real Property Located at 475 Martin Lane*, 545 F.3d 1134, 1140 (9th Cir. 2008). We affirm.

The district court properly determined that Dugan lacked standing to challenge the forfeiture action because he failed to file a verified claim. *See United States v. $133,420.00 in U.S. Currency*, 672 F.3d 629, 635 (9th Cir. 2012) (setting forth the requirements for filing a verified claim to contest a forfeiture action); *United States v. Real Property*, 135 F.3d 1312, 1317 (9th Cir. 1998) (record owner of property is not a party to forfeiture action when record owner fails to comply with the procedural requirements for opposing forfeiture).

The district court properly granted the government's motion for an order authorizing the destruction of other seized firearms, despite Dugan's motion for return of property under Fed. R. Crim. P. 41(g), because Dugan, as a felon, was not entitled to return of the seized firearms. *See* 18 U.S.C. § 922(g) (felons are not entitled to lawful possession of firearms or ammunition); *United States v. Mills*,

991 F.2d 609, 612 (9th Cir. 1993) (district court's denial of return of seized property is generally proper if defendant is not entitled to its lawful possession).

Dugan's contentions concerning the district court's decision not to consider various motions that Dugan filed in the forfeiture action, and the government's alleged fraud in the district court and on appeal, are unpersuasive.

We do not consider matters not specifically and distinctly raised and argued in the opening brief, or arguments and allegations raised for the first time on appeal. *See Padgett v. Wright*, 587 F.3d 983, 985 n.2 (9th Cir. 2009) (per curiam).

Dugan's requests for a stay of these appeals, and appointment of an investigator, all set forth in his reply brief, are denied.

Dugan's request for judicial notice, filed on November 25, 2013, is denied.

Dugan's motion to expedite his request for judicial notice, filed on March 4, 2014, is denied as moot.

**AFFIRMED.**

12-17757