**FOR PUBLICATION**

# UNITED STATES COURT OF APPEALS
# FOR THE NINTH CIRCUIT

MICHAEL B. WILLIAMS,
*Plaintiff-Appellant*,

v.

AUDREY KING, Executive Director,
Coalinga State Hospital; COALINGA
STATE HOSPITAL,
*Defendants-Appellees.*

No. 15-15259

D.C. No.
1:13-cv-01253-
MJS

OPINION

Appeal from the United States District Court
for the Eastern District of California
Michael J. Seng, Magistrate Judge, Presiding

Argued and Submitted August 14, 2017
San Francisco, California

Filed November 9, 2017

Before: Johnnie B. Rawlinson and N. Randy Smith,
Circuit Judges, and Susan P. Watters,* District Judge.

Opinion by Judge N.R. Smith

---

*The Honorable Susan P. Watters, United States District Judge for
the District of Montana, sitting by designation.

## SUMMARY[**]

### Prisoner Civil Rights / Civil Procedure

The panel vacated a magistrate judge's dismissal of an action brought by a civil detainee pursuant to 42 U.S.C. § 1983 and remanded for further proceedings.

After plaintiff consented to have his case decided by a magistrate judge pursuant to 28 U.S.C. § 636(c)(1), the magistrate judge dismissed plaintiff's complaint prior to service of process for failure to state a claim. The panel held that 28 U.S.C. § 636(c)(1) requires the consent of all plaintiffs and defendants named in the complaint— irrespective of service of process—before jurisdiction may vest in a magistrate judge to hear and decide a civil case that a district court would otherwise hear. Because consent was not obtained from the defendants in this case, the magistrate judge lacked jurisdiction to dismiss the complaint. The panel therefore vacated the dismissal and remanded.

### COUNSEL

Andrew Bentz (argued), Jones Day, Washington, D.C., for Plaintiff-Appellant.

Karli A. Eisenberg (argued), Deputy Attorney General; Niromi W. Pfeiffer, Supervising Deputy Attorney General; Julie Weng-Gutierrez, Senior Assistant Attorney General;

[**] This summary constitutes no part of the opinion of the court. It has been prepared by court staff for the convenience of the reader.

Xavier Becerra, Attorney General; Office of the Attorney General, Sacramento, California; for Amicus Curiae California Attorney General.

## OPINION

N.R. SMITH, Circuit Judge:

28 U.S.C. § 636(c)(1) requires the consent of all plaintiffs and defendants named in the complaint—irrespective of service of process—before jurisdiction may vest in a magistrate judge to hear and decide a civil case that a district court would otherwise hear. Because consent was not obtained from the defendants in this case, we vacate the magistrate judge's dismissal and remand.

I

Under California's Sexually Violent Predator Act (SVPA), inmates, approaching the end of their sentence or nearing eligibility for supervised release, may be referred for evaluation to determine if they pose a continuing risk of committing sexually violent offenses. Cal. Welf. & Inst. Code § 6601(a). If, after these evaluations, it is determined that the individual is a sexually violent predator, the government may request a probable cause hearing to establish a basis for tolling parole eligibility or release until the resolution of a jury trial to prove that the individual is a sexually violent predator. *See id.* § 6601(h)–(j); *id.* § 6601.5; *id.* § 6603.

Williams was convicted of three counts of rape in 1991. As he neared the completion of his sentence, Williams was evaluated and identified as a potential sexually violent

predator. In December 2000, the San Francisco District Attorney's office initiated a probable cause hearing to establish that Williams was a sexually violent predator. At the December 21, 2000 hearing, the judge found probable cause to believe Williams was a sexually violent predator. Since this initial determination, Williams has raised challenges to his continued confinement, including seeking to set aside the probable cause determinations and filing successive habeas petitions in California state court. Though temporarily successful in setting aside initial probable cause determinations, subsequent evaluations and probable cause determinations have reaffirmed the propriety of Williams's detention as a potential sexually violent predator. However, Williams has yet to have a trial to establish whether he is a sexually violent predator.

In August 2013, Williams filed a 42 U.S.C. § 1983 action asserting that this continued detention violated the First and Fifth Amendments, naming Audrey King and the Coalinga State Hospital as defendants. Pursuant to the district court's local rules, Williams was sent a standard form asking if he would consent to have his case decided by a magistrate judge pursuant to 28 U.S.C. § 636(c)(1). Nobody disputes that Williams consented. Thereafter, pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii), the magistrate judge conducted a standard screening of Williams's § 1983 action and dismissed the complaint for failure to state a claim. However, the named defendants in Williams's complaint had not yet been served. Accordingly, they had not consented to jurisdiction to have

the case decided by a magistrate judge. Williams timely appealed the dismissal of his complaint.[1]

Williams first challenges the magistrate judge's jurisdiction to dismiss his complaint without preliminarily obtaining consent to jurisdiction from the defendants named in the complaint. He also challenges the merits of the dismissal. Because we agree with Williams that the magistrate judge lacked jurisdiction to dismiss, we do not address Williams remaining arguments.

## II

We review de novo "whether the magistrate judge validly entered judgment on behalf of the district court." *See Allen v. Meyer*, 755 F.3d 866, 867–68 (9th Cir. 2014). "[O]ur jurisdiction on appeal 'depends on the magistrate judge's lawful exercise of jurisdiction.'" *Id.* at 867 (quoting *Anderson v. Woodcreek Venture Ltd.*, 351 F.3d 911, 914 (9th Cir. 2003)). Magistrate judges exercise jurisdiction in accordance with 28 U.S.C. § 636. *United States v. Rivera-Guerrero*, 377 F.3d 1064, 1067 (9th Cir. 2004). They "may conduct any or all proceedings in a jury or nonjury civil matter and order the entry of judgment in the case" only "[u]pon the consent of the parties." 28 U.S.C. § 636(c)(1); *see also* Fed. R. Civ. P. 73 ("[A] magistrate judge may, if all parties consent, conduct a civil action or proceeding, including a jury or nonjury trial.").

---

[1] This court requested the participation of the California State Attorney General (the State) to defend the dismissal, as amicus or on behalf of King and the Coalinga State Hospital. The State appeared as amicus and participated in briefing and oral argument.

Williams consented to the magistrate judge's jurisdiction consistent with 28 U.S.C. § 636(c)(1). Therefore, the magistrate judge screened and dismissed the complaint pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii), which "provides that a district court 'shall dismiss' an in forma pauperis complaint 'if the court determines that . . . the action or appeal . . . fails to state a claim on which relief may be granted.'" *Lopez v. Smith*, 203 F.3d 1122, 1124 (9th Cir. 2000) (en banc) (alterations in original) (quoting 28 U.S.C. § 1915(e)(2)). When his complaint was dismissed, Williams had yet to serve it on the named defendants (and they had accordingly not yet consented to have the magistrate judge hear and decide the case).

Williams asserts that his consent alone could not vest the magistrate judge with jurisdiction under § 636(c)(1). He argues that the term "parties" in § 636(c)(1) includes all named plaintiffs and defendants in the complaint. Thus, he contends that the absence of consent from the unserved defendants deprived the magistrate judge of jurisdiction to dismiss his complaint. We agree.

Section 636 does not define the term "parties," so we turn to the principles of statutory interpretation to identify its meaning. The term "party" or "parties" is a legal term of art. *See, e.g.*, *United States v. Guerrerio*, 675 F. Supp. 1430, 1438 (S.D.N.Y. 1987) ("The term 'party' is a technical term having a particular meaning in legal parlance."). "[A]nd it is a 'cardinal rule of statutory construction' that, when Congress employs a term of art, 'it presumably knows and adopts the cluster of ideas that were attached to each borrowed word in the body of learning from which it was taken.'" *F.A.A. v. Cooper*, 566 U.S. 284, 292 (2012) (quoting *Molzof v. United States*, 502 U.S. 301, 307 (1992)); *see also Huffman v. C.I.R.*,

978 F.2d 1139, 1145 (9th Cir. 1992), *as amended* (Dec. 4, 1992) ("Words with a fixed legal or judicially settled meaning, where the context so requires, must be presumed to have been used in that sense."). Accordingly, we examine contemporaneous sources to determine the legal meaning of the term at the time Congress employed it in the statute. *Cf. Perrin v. United States*, 444 U.S. 37, 42 (1979) (identifying the principle that we look for the meaning of terms as they would have been understood "at the time Congress enacted the statute").

Congress adopted § 636(c)(1) in 1979. *See* S. Rep. 96-74 (1979). At that time, *Black's Law Dictionary* defined "[p]arties" as "[t]he persons who take part in the performance of any act, or who are directly interested in any affair, contract, or conveyance, or who are actively concerned in the prosecution and defense of any legal proceeding." *Parties*, *Black's Law Dictionary* (5th ed. 1979). *Black's* also confirmed the term's status as a term of art ("'[p]arty' is a technical word having a precise meaning in legal parlance") and stated that "it refers to those by or against whom a legal suit is brought . . . ." *Party*, *Black's Law Dictionary* (5th ed. 1979).

This definition has not significantly changed since 1979. *See Party*, *Black's Law Dictionary* (10th ed. 2014). However, that language has since been adopted by our circuit and the Supreme Court. *See Smith v. Bayer Corp.*, 564 U.S. 299, 313 (2011) ("In general, '[a] "party" to litigation is "[o]ne by or against whom a lawsuit is brought"' or one who 'become[s] a party by intervention, substitution, or third-party practice.'" (alterations in original) (citations omitted)); *Robert Ito Farm, Inc. v. Cty. of Maui*, 842 F.3d 681, 687 (9th Cir. 2016) ("[A] 'party,' as that term is used in federal law, is '[o]ne by or

against whom a lawsuit is brought.'" (second alteration in original) (quoting *United States ex rel. Eisenstein v. City of New York*, 556 U.S. 928, 933 (2009)). Accordingly, all plaintiffs and defendants named in the complaint are "parties" within the meaning of § 636(c)(1)—irrespective of whether the complaint has been properly served.

Section 636(c)(1) also requires consent of all parties—not a subset of them—for jurisdiction to vest in the magistrate judge. Section 636(c) identifies consent as "the decision of the parties." § 636(c)(2). Moreover, the statute directs the court to "advise the parties that they are free to withhold consent without adverse substantive consequences" and requires implementation of "procedures to protect the voluntariness of the parties' consent." *Id.* Taken together, this language conveys that any party's objection is sufficient to prevent jurisdiction from vesting in the magistrate judge. Accordingly, jurisdiction cannot vest until the court has received consent from all parties to an action.

Our decision is consistent with the Seventh Circuit's decision in *Coleman v. Labor and Industry Review Commission*, 860 F.3d 461 (7th Cir. 2017). After extensive analysis of many of the same issues we have addressed, it also concluded that consent of all parties (including unserved defendants) is a prerequisite to a magistrate judge's jurisdiction to enter dispositive decisions under § 636(c)(1). *See Coleman*, 860 F.3d at 470–73. We agree with the Seventh Circuit's sound reasoning that this interpretation is the most consistent with the use of the term "parties" in the Federal

Rules of Civil Procedure and the other provisions in § 636. *See id.*[2]

The State argues that a plaintiff's consent alone is sufficient to satisfy § 636(c)(1) in some cases. We disagree. The State asserts that this case is analogous to *United States v. Real Property*, 135 F.3d 1312 (9th Cir. 1998), where we determined that a property owner's consent to magistrate judge jurisdiction was not a prerequisite to entry of default against his interest in the subject property. *Id.* at 1316–17. *Real Property* is distinguishable. It was an *in rem* action. *Id.* at 1313. Because the action was against the property, the

---

[2] The dissent in the Seventh Circuit rested its views on the practical application of the majority's interpretation and a strained concept of implied consent. 860 F.3d at 475–77. It made no effort to address the majority's analysis of the technical meaning of the term "parties" or the contextual clues from the statute itself. *See id.* When rehearing en banc was denied, the dissenting judges to such denial likewise failed to address the *Coleman* majority's analysis of the text of § 636. *See id.* at 477–80. Instead, the en banc dissenters argued that earlier Seventh Circuit precedent required service as a prerequisite to party status for purposes of § 636(c) and that maintaining this rule would best avoid practical limitations of the *Coleman* majority's interpretation. *Id.* Though we acknowledge the practical impact of our interpretation, Congress constrains our decision. We are bound by the language employed in the statute.

The en banc dissent also suggested that our interpretation would preclude consent where one party has been dismissed from the suit by a district judge (without giving consent to have a magistrate judge decide the case) and the remaining parties desire to have their claims against each other heard and decided by a magistrate judge. *Id.* That case is not before us, but we disagree with the dissent's assertion that this conclusion necessarily follows from the rule we adopt today. Once a party has been dismissed entirely from a lawsuit, it would be a strained reading to suggest that the individual or entity remains a "party" as that term is understood in its technical legal sense.

interested property owner was not a named party. *Id.* at 1317. We held that "absent the filing of a claim to a property subject to forfeiture, a 'putative claimant is not a party to the action.'" *Id.* (quoting *United States v. 8136 S. Dobson Street*, 125 F.3d 1076, 1082 (7th Cir. 1997)). The same principle does not apply here. King and the Coalinga State Hospital were named as defendants in the complaint. Accordingly, they became parties to the action when Williams filed the complaint. Thus, their consent was required under § 636(c)(1) from the outset.

The State next points to *Neals v. Norwood*, 59 F.3d 530 (5th Cir. 1995), and several lower court decisions, identifying various circumstances where consent of unserved parties was unnecessary to establish jurisdiction. *See id.* at 532; *Lester v. J.P. Morgan Chase Bank*, 926 F. Supp. 2d 1081, 1085 n.2 (N.D. Cal. 2013); *Hard Drive Prods., Inc. v. Does 1–888*, 809 F. Supp. 2d 1150, 1155 (N.D. Cal. 2011); *Trujillo v. Tally*, Case No. CV03-533-S-MHW, 2007 WL 4261928, at *1 (D. Idaho Nov. 30, 2007). First, these non-binding decisions did not address the issue before us in much detail, and the analysis there is unpersuasive. Without explanation, the Fifth Circuit declared that, because the defendants "had not been served, they were not parties to [the] action at the time the magistrate entered judgment," concluding that "lack of written consent from the defendants did not deprive the magistrate judge of jurisdiction." *Neals*, 59 F.3d at 532. We cannot fault our interpretation where the Fifth Circuit has not explained the basis for its contrary holding. The lower court opinions merely cite *Neals* or *Real Property* without additional analysis. *See Lester*, 926 F. Supp. 2d at 1085 n.2; *Hard Drive Prods., Inc.*, 809 F. Supp. 2d at 1155; *Trujillo*, 2007 WL 4261928, at *1. Accordingly, we reject the State's argument. We find no basis for an exception to the general

requirement that all parties must consent for jurisdiction to vest under § 636(c)(1).

### III

Because the magistrate judge lacked jurisdiction to dismiss Williams's complaint, we vacate the dismissal and remand. Each party shall bear their own costs on appeal.

**VACATED AND REMANDED.**