**NOT FOR PUBLICATION**

**FILED**

UNITED STATES COURT OF APPEALS

AUG 27 2019

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| ALFONSO PADRON, Jr., | No. 18-15938 |
| Plaintiff-Appellant, | D.C. No. 1:16-cv-00549-SAB |
| v. | |
| CITY OF PARLIER; et al., | MEMORANDUM[*] |
| Defendants-Appellees. | |

Appeal from the United States District Court
for the Eastern District of California
Stanley Albert Boone, Magistrate Judge, Presiding[**]

Submitted August 19, 2019[***]

Before: SCHROEDER, PAEZ, and HURWITZ, Circuit Judges.

Alfonso Padron, Jr. appeals pro se from the district court's summary

judgment in his action alleging federal and state law claims. We have jurisdiction

under 28 U.S.C. § 1291. We review de novo the district court's decision on cross-

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**] The parties consented to proceed before a magistrate judge. *See* 28 U.S.C. § 636(c).

[***] The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

motions for summary judgment. *Avery v. First Resolution Mgmt. Corp.*, 568 F.3d 1018 (9th Cir. 2009). We affirm.

The district court properly granted summary judgment for defendant Lara on Padron's federal privacy claim stemming from public disclosure of the fact of Padron's tort claim filing because Padron failed to raise a genuine dispute of material fact as to whether the disclosed information was sufficiently personal to implicate a constitutionally protected privacy interest. *See Ferm v. U.S. Tr. (In re Crawford)*, 194 F.3d 954, 958-59 (9th Cir. 1999) (discussing constitutionally-protected "informational privacy" interest).

The district court properly granted summary judgment for defendant Lara on Padron's federal privacy claim stemming from public disclosure of Padron's name, address, and telephone number because it would not have been clear to every reasonable official that such disclosure was unlawful under the circumstances. *See Ashcroft v. al-Kidd*, 563 U.S. 731, 741 (2011) (discussing qualified immunity and noting that a right is clearly established only if "every reasonable official would have understood that what he is doing violates that right" (citation and internal quotation marks omitted)); *In re Crawford*, 194 F.3d at 959 (noting right to informational privacy implicated by disclosure of social security number but not name or telephone number); *cf. Mangum v. Action Collection Serv., Inc.*, 575 F.3d 935, 943-44 (9th Cir. 2009) (person who sends a bad check into the stream of

commerce, which could and would be seen by numerous individuals, "eschews privacy when the check is launched, and surely does not reacquire it along the way").

The district court did not abuse its discretion by denying Padron's motion for disqualification of the magistrate judge because Padron failed to establish extrajudicial bias or prejudice. *See* 28 U.S.C. § 144 (requirements for recusal), § 455 (circumstances requiring disqualification); *United States v. Hernandez*, 109 F.3d 1450, 1453-54 (9th Cir. 1997) (standard of review; under § 144 and § 455, the substantive standard for recusal is whether "a reasonable person with knowledge of all the facts would conclude that the judge's impartiality might reasonably be questioned" (citation and internal quotation marks omitted)).

The district court did not abuse its discretion by declining to exercise supplemental jurisdiction over Padron's state law claims because Padron failed to state a federal claim. *See Ove v. Gwinn*, 264 F.3d 817, 826 (9th Cir. 2001) (standard of review; court may decline supplemental jurisdiction over related state law claims once it has dismissed all claims over which it has original jurisdiction).

Padron's contention that the magistrate judge lacked jurisdiction, relying on *Williams v. King*, 875 F.3d 500 (9th Cir. 2017), is unpersuasive.

We do not consider matters not specifically and distinctly raised and argued in the opening brief, or arguments and allegations raised for the first time on

18-15938

appeal, including Padron's contentions regarding dismissal of his claims against defendant City of Parlier. *See Padgett v. Wright*, 587 F.3d 983, 985 n.2 (9th Cir. 2009); *cf. Hamilton v. State Farm Fire & Cas. Co.*, 270 F.3d 778, 782 (9th Cir. 2001) ("This court invokes judicial estoppel not only to prevent a party from gaining an advantage by taking inconsistent positions, but also because of general considerations of the orderly administration of justice and regard for the dignity of judicial proceedings, and to protect against a litigant playing fast and loose with the courts." (citation and internal quotation marks omitted)).

Padron's motion to transmit exhibits (Docket Entry No. 8) is denied. *See United States v. Elias*, 921 F.2d 870, 874 (9th Cir. 1990) ("Documents or facts not presented to the district court are not part of the record on appeal.").

**AFFIRMED.**

18-15938