In the

# United States Court of Appeals
## For the Seventh Circuit

No. 13-3602

RANDY M. SWISHER,

*Plaintiff-Appellant,*

*v.*

PORTER COUNTY SHERIFF'S DEPARTMENT, *et al.,*

*Defendants-Appellees.*

Appeal from the United States District Court for the
Northern District of Indiana, South Bend Division.
No. 3:10-cv-00337-CAN — **Christopher A. Nuechterlein**,
*Magistrate Judge.*

SUBMITTED SEPTEMBER 22, 2014 — DECIDED OCTOBER 15, 2014

Before CUDAHY, POSNER, and KANNE, *Circuit Judges.*

POSNER, *Circuit Judge.* The plaintiff brought this suit under 42 U.S.C. § 1983 complaining that while a pretrial detainee in a jail in Porter County, Indiana, he was denied medical care for a bullet wound to his abdomen, and other essential medical care, during his nine-month sojourn at the jail. He named as defendants the local sheriff plus jail personnel, including the warden and other officers and the jail's

physician and head nurse. The district court, while fully crediting the plaintiff's testimony at an evidentiary hearing, dismissed his suit for failure to exhaust administrative remedies. 42 U.S.C. § 1997e(a).

There was no record in the jail's grievance log of the plaintiff's having filed a grievance. But at the hearing he testified that he'd never received, or been given access to, a copy of the jail's grievance procedure, though he knew from other inmates of the jail that there was such a procedure and knowing this asked a guard for a grievance form but wasn't given it.

Indiana requires every correctional facility to have a grievance procedure. Indiana Code § 11-11-1-2. The grievance procedure for the jail in which the plaintiff was being held is set forth in a document entitled "Inmate Grievances—Standard Operating Procedure." It is supposed to be given to all inmates but apparently was not given to the plaintiff. It states that "All inmates, no matter their custody classification or disciplinary status, may make a grievance according to this policy. … Inmates shall get all grievance and appeal forms from their Pod Officer [the officer in charge of the particular inmate's residential unit in the jail]. Jail Personnel must not interfere with or delay an inmate's action to file a grievance or an appeal, nor delay a response without just cause."

The plaintiff's Pod Officer didn't give him the grievance form but instead told him to speak to a supervisory officer in the jail, Captain Taylor, who, the Pod Officer assured the plaintiff, would speak to the Warden about resolving the plaintiff's grievance about the lack of medical care. The plaintiff asked Taylor whether he should file a grievance and

Taylor replied by telling him "not to worry about it." (Another prisoner testified that he overheard the plaintiff ask Taylor for the grievance form.) The plaintiff testified that the Warden's son, who was another one of the jail's officers, also said he'd speak to the Warden about the plaintiff's grievance. The plaintiff never got the form but did eventually meet with the Warden, who promised to speak to the medical staff and "take care of the problem." He did not suggest that the plaintiff file a grievance.

The jail encourages informal resolution of grievances. The Standard Operating Procedure states that "both Jail Personnel and inmates are responsible for trying to resolve grievances informally … . Informal resolution prevents inmates from using the formal grievance process to circumvent … having to confront the affected people or the reality of the conditions of being in Jail that they want to avoid. … Jail personnel shall not normally allow an inmate to file a formal grievance until the inmate has tried to resolve the grievance informally by discussing the matter with a Jail Officer." The plaintiff did discuss the matter with several officers before filing a formal grievance, but without any success, though assured by them that they would take care of his grievance. And so he was entitled to file a formal grievance, but was prevented from doing so by not being given the form.

Taylor, the Warden, and the Warden's son didn't contradict the plaintiff's testimony at the evidentiary hearing; they merely testified that they didn't remember speaking to him about his medical complaints. And so the magistrate judge credited the plaintiff's testimony in its entirety. Yet surprisingly he ruled that the plaintiff had not exhausted his ad-

ministrative remedies, because while knowing there was a grievance procedure he never submitted a written grievance. He had given up too soon, the magistrate judge reasoned, by failing to take additional action when his verbal requests for attention to his medical problems had no effect. The magistrate judge thought it enough to require dismissal of the suit that the plaintiff "was not prevented from obtaining a form," was not "told that no grievance system existed," and was not told that "he could not ever file a written grievance."

A dose of common sense would have led the magistrate judge to a different conclusion. If you are an inmate and you speak to senior jail officers up to and including the Warden of the jail and are told *not* to file a grievance because the officers understand your problem and will resolve it without need for you to invoke the formal grievance procedure and they don't tell you how to invoke that procedure, you are entitled to assume that you don't have to file a written grievance. Anyway no one was willing to give the plaintiff a grievance form or even explain the grievance procedure to him, so he couldn't have filed a written grievance even if he had thought it necessary. And can one imagine the plaintiff's telling the warden: "you tell me I don't need to file a grievance but I know better"?

Although "when administrative procedures are clearly laid out … an inmate must comply with them in order to exhaust his remedies," *Pavey v. Conley*, 663 F.3d 899, 905 (7th Cir. 2011), we have in this case, as in *Roberts v. Neal*, 745 F.3d 232 (7th Cir. 2014), a muddle created by the people running the jail. When a jail official invites noncompliance with a procedure the prisoner is not required to follow the procedure. *Curtis v. Timberlake*, 436 F.3d 709, 712 (7th Cir. 2005).

When jail personnel mislead inmates about how to invoke the procedure the inmates can't be blamed for failing to invoke it. *Dillon v. Rogers*, 596 F.3d 260, 268 (5th Cir. 2010); *Nunez v. Duncan*, 591 F.3d 1217, 1224–25 (9th Cir. 2010); *Brown v. Croak*, 312 F.3d 109, 112–13 (3d Cir. 2002).

The judgment in favor of the defendants is reversed and the case remanded for further proceedings consistent with this opinion.

REVERSED AND REMANDED.