In the

# United States Court of Appeals

## For the Seventh Circuit

No. 16-1231

ANDERSON R. DASILVA,

*Plaintiff-Appellant,*

*v.*

ROBERT RYMARKIEWICZ, *et al.,*

*Defendants-Appellees.*

Appeal from the United States District Court for the
Eastern District of Wisconsin.
No. 14-CV-812 — **William E. Duffin**, *Magistrate Judge.*

SUBMITTED FEBRUARY 9, 2018 — DECIDED APRIL 24, 2018

Before WOOD, *Chief Judge*, and EASTERBROOK and MANION,
*Circuit Judges*.

WOOD, *Chief Judge*. Plaintiff Anderson DaSilva was an inmate at Wisconsin's Waupan Correctional Institution. One evening, after receiving his medication, he became dizzy, vomited, lost consciousness, and fell, hitting his head on the way down. DaSilva believes that this accident occurred because he was given the wrong medication. Worse, more than three hours passed before DaSilva was taken to the hospital

(only five minutes away), where doctors stapled a deep laceration and diagnosed a serious concussion.

DaSilva sued three correctional employees involved in the incident: the officer who gave him the medication (known only as "CO Coby"), Captain Rymarkiewicz (a corrections supervisor), and Nurse DeYoung. He accused each of them of violating the Eighth Amendment to the U.S. Constitution (made applicable to the states through the Fourteenth Amendment) by mishandling his injury and failing to get him to the hospital within a reasonable time. A magistrate judge screened DaSilva's complaint after he filed his written consent under 28 U.S.C. § 636(c) to have the magistrate judge conduct all proceedings in his case. The magistrate judge concluded that Coby, the corrections officer who administered the problematic medication to DaSilva, should be dismissed from the case. Even under DaSilva's version of the events, the judge thought, Coby's distribution of the medication was nothing more than a mistake, which fails as a matter of law to reflect deliberate indifference. The judge concluded that DaSilva could proceed with his claims against the two other defendants.

Pursuant to an informal agreement between the court and the Wisconsin Department of Justice, DaSilva's complaint and the court's initial screening order were sent to the Department for service on Rymarkiewicz and DeYoung. After service was accomplished, the Wisconsin Attorney General appeared on behalf of those two defendants and filed the state's consent under 28 U.S.C. § 636(c) to proceed before the magistrate judge. At that point, discovery proceeded. Some time later, Rymarkiewicz and DeYoung filed a motion for summary

judgment. The judge granted that motion and entered judgment in their favor. The court (acting through the magistrate judge) then entered a final judgment in the matter. DaSilva filed a timely notice of appeal following the denial of his motion for reconsideration under Federal Rule of Civil Procedure 59.

Before proceeding with DaSilva's appeal, we must assure ourselves that the district court has issued a final judgment, and thus that our appellate jurisdiction is secure. See 28 U.S.C. § 1291. On the surface, the answer looks easy: the magistrate judge had the authority to resolve the case, thanks to the consents Rymarkiewicz and DeYoung filed under section 636(c) and the grant of summary judgment in their favor. But at the time the case was filed, they were not the only two parties. DaSilva also had sued Coby, but the magistrate judge dismissed that part of the case at the screening stage, before the defendant had any occasion to accept (or not to accept) the magistrate judge's jurisdiction. The question is whether the manner in which the claim against Coby was resolved makes any difference. We think not.

The only reason it might cause a problem is suggested in *Coleman v. Labor & Indus. Review Comm'n*, 860 F.3d 461 (7th Cir. 2017), where we held that a magistrate judge has no authority to "resolve the case finally" at the screening stage with the consent of only the plaintiff. Instead, we concluded, the "district judge must enter any post-screening orders that dispose of the entire case." *Id.* at 475. But *Coleman* differed in crucial ways from the case before us.

That is not to say that there are no similarities between the two cases. Like the defendants in *Coleman*, none of the three defendants named in DaSilva's complaint had been served

with process as of the time when the magistrate judge initially screened the complaint. Also as in *Coleman*, the magistrate judge in DaSilva's case conducted the initial screening acting with only the plaintiff's consent. But that is where the similarities end. In *Coleman,* there was never a time when adverse parties had consented to the magistrate judge's disposition of the case, whereas here, there was no final judgment in the case until after the state filed its consent under section 636(c). The magistrate judge's dismissal of Coby on screening was an interlocutory order. After the other two defendants were properly served, the state consented to proceeding before the magistrate judge.

It is also significant that Coby was a prison employee who stood in exactly the same position as the other two defendants for purposes of legal representation. The form relating to magistrate-judge authority that was filed by the lawyer from the office of the Wisconsin Attorney General was labeled "Consent to Proceed Before a U.S. Magistrate Judge." Assistant Attorney General Chad Gendreau signed that form as "Attorney for defendant," without any notation that DaSilva had sued more than one defendant. See *King v. Ionization Int'l, Inc.*, 825 F.2d 1180, 1185 (7th Cir. 1987) (28 U.S.C. § 636(c) "does not require a specific form or time of consent").

In addition, the appearance form that the Assistant Attorney General filed with this court says only that she "appears as counsel for Defendants in the … action." She did not name any individual defendants. This is enough not only to show that Rymarkiewicz and DeYoung were represented by the state attorney general, but also to show that Coby fell within the scope of that representation. The state's agreement to allow the magistrate judge to resolve the case on the merits thus

covered Coby too, and allowed it to ratify the interlocutory order dismissing him. In other words, this is "*some* action from the party whose consent must be found," as required by *Coleman*. 860 F.3d at 470 (emphasis in original). That leads to the conclusion that all parties had consented to proceeding before the magistrate judge by the time he entered a final judgment dismissing the entire action (*i.e.* a judgment resolving all claims against all parties). By that time, all of the "t's" had been crossed and "i's" dotted, and the magistrate judge was fully authorized to act.

There is therefore no need to return this case to a district court judge for any further proceedings. This appeal shall proceed to briefing with a schedule set by separate court order.

SO ORDERED.