```
┌─────────────────────────────────────────────────┐
│              NONPRECEDENTIAL DISPOSITION          │
│  To be cited only in accordance with Fed. R. App. P. 32.1 │
└─────────────────────────────────────────────────┘
```

# United States Court of Appeals

**For the Seventh Circuit**
**Chicago, Illinois 60604**

Submitted March 5, 2019[*]
Decided March 5, 2019

**Before**

MICHAEL S. KANNE, *Circuit Judge*

ILANA DIAMOND ROVNER, *Circuit Judge*

DAVID F. HAMILTON, *Circuit Judge*

No. 18-1885

| | |
|---|---|
| RANDY M. SWISHER, *Plaintiff-Appellant*, | Appeal from the United States District Court for the Northern District of Indiana, South Bend Division. |
| *v.* | No. 3:10-cv-337 |
| PORTER COUNTY SHERIFF'S DEPARTMENT, et al., *Defendants-Appellees*. | Michael G. Gotsch, Sr., *Magistrate Judge*. |

**O R D E R**

Randy Swisher, a former pretrial detainee in Indiana, appeals the entry of summary judgment on his Fourteenth Amendment claim that the jail and its staff provided him unacceptable medical care for a hernia and other ailments. Because Swisher does not point to evidence in the record supporting a conclusion that any defendants acted unreasonably, we affirm.

---

[*] We have agreed to decide this case without oral argument because the briefs and record adequately present the facts and legal arguments, and oral argument would not significantly aid the court. FED. R. APP. P. 34(a)(2)(C).

During the approximately ten months he spent at the Porter County Jail, Swisher sought medical attention for several ailments that eventually led to this civil-rights lawsuit. Swisher's most prominent medical complaints concerned an abdominal frontal hernia. Dr. Nadir Al-Shami—Swisher's physician and an employee of Advanced Correctional Healthcare, Inc., a contractor that provides medical care for inmates— determined that the hernia was reducible (meaning that it could easily be pushed back through the abdominal wall) and thus not at risk for strangulation or incarceration (which would require further treatment, such as surgical repair). Swisher wanted surgical care for the hernia, but Dr. Al-Shami opted for a conservative course of treatment. He prescribed an elastic bandage for Swisher to wrap around his stomach as well as Tylenol for pain. When the bandage would not stay in place, Dr. Al-Shami prescribed a hernia belt. He denied Swisher's request for a second opinion.

Swisher also lodged several complaints about back pain, beginning with a request to see a chiropractor. The jail's warden told Swisher that the jail did not have a chiropractor on staff, but he would talk to "medical" about the complaint. Swisher stated in a deposition that he later spoke about his back pain with Dr. Al-Shami, who refused to send him to an outside specialist and did not provide any further care.

Swisher has also identified other ailments that received less attention from prison staff. First, he complained about foot pain to both the warden and Dr. Al-Shami. The doctor, however, noticed that Swisher did not have any trouble walking on his feet and did not prescribe anything. Dr. Al-Shami also treated Swisher for sinus headaches by prescribing over-the-counter medications. Lastly, Swisher alleged that Dr. Al-Shami and the other defendants ignored his post-traumatic stress disorder, which, he says, stemmed from surgical treatment he underwent for skin cancer. But no evidence suggests that Swisher developed post-traumatic stress disorder or that any defendant was aware of it.

Swisher sued the Porter County Sheriff's Department, the sheriff, and jail personnel for various constitutional violations. All parties consented to the jurisdiction of a magistrate judge, who then dismissed Swisher's suit for not exhausting his administrative remedies. We vacated that ruling, however, concluding that the jail induced his noncompliance by failing to give him a copy of the grievance procedure. *Swisher v. Porter Cty. Sheriff's Dep't*, 769 F.3d 553, 555 (7th Cir. 2014).

On remand, Swisher amended his complaint to pursue claims against Dr. Al-Shami, the warden, and the sheriff in their individual capacities for acting with

deliberate indifference towards his hernia, back pain, foot pain, sinus headaches, and post-traumatic stress disorder. He also advanced claims against the Sheriff's Department and Advanced Correctional Healthcare for adopting policies that caused him to be denied adequate care. *See Monell v. Dep't of Soc. Servs. of New York*, 436 U.S. 658, 694 (1978); *Iskander v. Vill. of Forest Park*, 690 F.2d 126, 128 (7th Cir. 1982) (extending *Monell* to private corporations); *but see Shields v. Ill. Dep't of Corr.*, 746 F.3d 782, 790–95 (7th Cir. 2014) (questioning "whether corporations should be insulated from *respondeat superior* liability under § 1983"). Swisher added as defendants two unnamed insurers, which the magistrate judge dismissed at screening. 28 U.S.C. § 1915A. After Swisher amended his complaint, the magistrate judge did not seek renewed consent, but all parties—new and old—began participating in the proceedings.

The case then was reassigned to Magistrate Judge Gotsch, who, recognizing that the parties had consented to another magistrate judge, invited the parties to object to his jurisdiction if any wished to do so. None objected.

More than a year later, the magistrate judge entered summary judgment for the defendants. First, the judge determined that Indiana's two-year statute of limitations barred Swisher's claims against the sheriff (Swisher presented no evidence that the sheriff ever knew of any of his medical complaints) and some of his claims against the warden (Swisher presented no evidence that the warden knew of his post-traumatic stress disorder or sinus headaches). Next, the court determined that Swisher's claims against Dr. Al-Shami failed because he did not produce evidence from which a reasonable factfinder could find that the doctor acted with deliberate indifference to any of his maladies. As for Swisher's remaining claims against the warden (i.e., concerning the warden's deliberate indifference toward this hernia, back pain, and foot pain), the magistrate judge determined that there were no facts reflecting that the warden ignored him or acted unreasonably in deferring to Dr. Al-Shami's judgment as a medical professional. Finally, the court concluded that Swisher could not hold Porter County Jail or Advanced Correctional Healthcare liable without an underlying constitutional violation by an employee of either.

Swisher appeals but, before proceeding to the merits, we address two jurisdictional concerns. First, after reassignment of this case to Magistrate Judge Gotsch, none of the parties expressly consented to his jurisdiction. *See* 28 U.S.C. § 636(c). The named parties here, however, all consented *implicitly* to the magistrate judge's jurisdiction through "concrete actions—such as appearing and participating in a case after being told about the consequences." *Coleman v. Labor & Indus. Review Comm'n*,

860 F.3d 461, 470 (7th Cir. 2017) (citing *Roell v. Withrow*, 538 U.S. 580, 589–91 (2003)), *cert. denied*, 138 S. Ct. 739 (2018).

The second, more difficult question is whether the magistrate judge acted within his authority at screening by dismissing the unnamed insurers, who, by definition, had not been served and had no occasion to consent. In *Coleman*, we determined that a magistrate judge's jurisdiction was unsound because he disposed of the entire case at the screening stage without securing the consent of an unserved defendant. 860 F.3d at 475. But later, in *DaSilva v. Rymarkiewicz*, we upheld a magistrate judge's dismissal of some nonconsenting parties at screening because all parties had given their consent by the time he entered a final judgment. 888 F.3d 321, 322–23 (7th Cir. 2018). Similarly, here, by the time the magistrate judge entered summary judgment, all of the parties— other than the unnamed, unserved, and dismissed insurers—had consented to the magistrate judge's jurisdiction. As for the dismissed insurers, that they were unnamed and unknown indicates that they were not "parties" whose consent § 636(c) requires. *See Williams v. King*, 875 F.3d 500, 502–04 (9th Cir. 2017) (citing *Coleman*, 860 F.3d at 470–73, and holding that "parties" under § 636(c) means *named* parties, whether served or unserved); *see also Coleman*, 860 F.3d at 474 (recognizing that unnamed class members are not parties to a class-action case and thus a magistrate judge may rule without their consent).

Had the magistrate judge not properly obtained the parties' consent, we would not have appellate jurisdiction over his judgment, but because the judge did have the requisite consent, our jurisdiction is secure and we proceed to assess Swisher's arguments on appeal. He primarily argues that summary judgment was improper because the magistrate judge impermissibly decided factual disputes against him. He asserts, for example, that a reasonable factfinder could credit his assertions that Dr. Al-Shami refused to provide him with any treatment whatsoever. He also argues that the judge disregarded undisputed evidence that the warden and sheriff were aware of his medical complaints but did nothing about them.

Since the district court's decision, we decided *Miranda v. Cty. of Lake*, 900 F.3d 335, 352 (7th Cir. 2018), in which we held that a standard of objective reasonableness, and not deliberate indifference, governs claims brought by pretrial detainees for inadequate medical care under the Fourteenth Amendment. "This standard requires courts to focus on the totality of facts and circumstances faced by the individual alleged to have provided inadequate medical care and to gauge objectively—without regard to

any subjective belief held by the individual—whether the response was reasonable." *McCann v. Ogle Cty.*, 909 F.3d 881, 886 (7th Cir. 2018).

A reasonable factfinder could not conclude that Dr. Al-Shami refused to treat Swisher. The record shows that Dr. Al-Shami responded to two of Swisher's complaints with medical intervention—treating his hernia with both a bandage wrap and a hernia belt and addressing his sinus headaches with over-the-counter medications. Regarding those ailments, no jury could find that Dr. Al-Shami purposefully, knowingly, or recklessly administered treatment. Although Dr. Al-Shami did not refer Swisher to specialists for his foot and back pain, there is no evidence that these decisions were objectively unreasonable. The record reflects that the doctor noticed that Swisher had no difficulty walking on his feet, and Swisher does not challenge the district court's conclusion that "wait-and-see" was a reasonable approach to his back pain, at least for a time. *See Pyles v. Fahim*, 771 F.3d 403, 412 (7th Cir. 2014) (characterizing back pain as "a common ailment"). Notably, Swisher does not suggest that Dr. Al-Shami's treatment decisions resulted in any undue consequences to his health. Lastly, no evidence suggests that that Swisher suffered from post-traumatic stress disorder while at the jail.

Nor does the evidence support a conclusion that the response of the warden and sheriff was objectively unreasonable. Neither was responsible for providing medical care to Swisher. Whether or not they were aware of Swisher's various medical issues, they permissibly relied on the medical judgment of Dr. Al-Shami in responding to them. *Berry v. Peterman*, 604 F.3d 435, 440 (7th Cir. 2010).

We have considered Swisher's remaining arguments and none has merit.

AFFIRMED